KAW RIVER SAND & MATERIAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21976.   Promulgated January 4, 1929.

*L. U. Crawford, C. P. A.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

OPINION.

Morris: The petitioner in this proceeding is faced with the necessity of overcoming the prima facie correctness of the respondent's determination, and this can only be done by the production of proof which will show that the respondent has committed error. The books, which might have shown the manner in which the taxes were handled, were not produced, nor do we have the benefit of the corporate returns which might have shed some light on how petitioner treated the taxes on its returns. The respondent's determination with respect to the first error alleged must, therefore, be sustained for a lack of evidence.

The second issue relates to the deduction to which petitioner is entitled for the purposes of depreciation. The record is silent as to the rates used by the petitioner for years prior to 1919, the useful life of the assets, the dates of their acquisition and their salvage value when the plant was abandoned in 1925. Petitioner's counsel in his opening statement made reference to certain flat rates of depreciation applied to the assets for the years prior to 1919, but such statements do not constitute evidence of record and can not be considered as facts. As it is impossible to determine from the facts before us that respondent has committed error in reducing the depreciation deduction for each of the years 1922, 1923, and 1924, his action with respect thereto is approved.

The third issue relates to a deduction which is apparently claimed for the first time by the petition as the deficiency letter fails to show that respondent has denied the petitioner any amount as deduction for capital-stock taxes. In its propositions of law the petitioner claims these taxes as deductions by way of ordinary and necessary expenses, but the record is silent as to the amount of taxes paid, if any, and whether the partnership, which appears to have paid all the bills of the corporation, received credit for such payments in making its annual settlements with the corporation. In this state of the record we sustain the respondent's determination.

*Judgment will be entered for the respondent.*